THE STATE OF OHIO, APPELLEE, *v.* KEHN ET AL., APPELLANTS.

(No. 76-496—Decided April 20, 1977.)

12

14

Mr. *John T. Corrigan,* prosecuting attorney, and *Mr. Albin Lipold,* for appellee.

Messrs. *Gold, Rotatori, Messerman & Hanna, Mr. Gerald S. Gold* and *Mr. Harry A. Hanna,* for appellants.

*Per Curiam.* The nature of Broeckel's testimony is inherently suspect and untrustworthy, and we approach it with utmost caution. We note at the outset, however, that it is not our function, but that of the jury, to determine the credibility of the witnesses. See *State* v. *Wolery* (1976), 46 Ohio St. 2d 316. In returning its verdict, the jury was obviously satisfied, and reasonably so, with the amount of corroboration to Broeckel's testimony.

Appellants jointly assert five propositions of law which

allege error at trial. Additionally, appellant Mihalic asserts two other propositions.

Appellants' first proposition of law asserts that the trial court abused its discretion in not granting a continuance where the state delayed compliance with discovery orders and supplemented its witness list with 11 new names on the second day before trial.

A review of the record reveals that on April 11, 1974, the trial court originally set the trial date for June 4, 1974. On May 28, the court, *sua sponte* and with counsels' approval, changed the trial date to June 18. Appellants' first request for a continuance was June 12.

The granting of a continuance is within the sound discretion of the trial court. Since the state relied so heavily on Broeckel's testimony, the sheer number of state's witnesses was not an inherent hardship. The majority of witnesses that the state expected to call were victims of various crimes and the police officers who investigated these crimes. Their testimony, when considered individually, would not have great impact on the case. Rather, it was Broeckel's testimony, subject to corroboration for credibility, which was the focal point of the trial. If counsel for appellants believed that the prospective witness list, which was given to them well in advance, necessitated additional time to prepare, then they should have requested a continuance at an earlier, more appropriate time. It appears that counsel is using the addition of 11 new names to the list as an excuse for their unusually late request. These new names did not alter defense counsel's preparatory strategy—their main concern was rebutting Broeckel's testimony.

The record shows that appellants were not hampered in any way by the denial of the continuance. With no showing of adverse effect, there can be no prejudicial error. We conclude that the trial court did not abuse its discretion, and accordingly overrule appellants' first proposition of law.

Appellants allege, as their second proposition of law,

that the trial court committed error in admitting a certain writing, purporting to be an address book with a listing of "Denny the Cop" followed by appellant Kehn's phone number, without first identifying the writing. Appellant Mihalic asserts that he was also prejudiced by this evidence because the state constantly referred to him as Kehn's "partner."

At trial, Sergeant Edward Kovacic identified the exhibit as the telephone address book that, pursuant to a search warrant, he removed from the home of Philip Christopher, an unindicted co-conspirator, in June of 1972. Kovacic testified that in his opinion the book appeared to be the same at trial as when he originally found it, and that the book had been in the possession of the F. B. I. from 1972 until the trial.

Such testimony was sufficient to identify and authenticate the writing.

The state offered the address book to support the existence of a conspiracy involving Kehn, Christopher and Broeckel. Kehn attempted to explain how his name and telephone number could have legitimately been in the book. It was the jury's function, as trier of fact, to weigh and determine the credibility of the evidence which was properly admitted.

This proposition of law is thus overruled.

Appellants' third proposition of law is that the trial court committed error when it refused to admit certain records, railroad employee time sheets, kept in the ordinary course of business on the ground that the maker of these records was not available to testify.

Kehn attempted to introduce these railroad time sheets, together with explanatory testimony from a railroad employee, to prove that Allan Pannetta, another unindicted accomplice in certain of the crimes, was working at the time certain burglaries were committed. Kehn desired to demonstrate that Broeckel was lying, or at least mistaken, about Pannetta's participation in these burglaries.

In affirming the trial court, the Court of Appeals stated

that "[the railroad employee] did not testify that he was * * * the custodian of the records." This stated basis was factually in error for the record shows that the witness was asked no less than four times if the record was "under your custody or control." Each time, the witness answered affirmatively.

However, the evidence was correctly excluded because it would have created a dispute about extraneous or collateral matters, i. e., Pannetta's participation. Kehn and Mihalic were on trial, not Pannetta, and the court, by excluding the testimony, avoided the dangers of surprise, jury confusion and wasted time which are the reasons for the rule against impeachment on collateral matters.

The trial court's exercise of discretion involved the weighing of the probative value of the offered evidence against its potential misuse by the jury. No abuse of discretion is evident, and this proposition of law is accordingly overruled.

In their fourth proposition of law, appellants assert that the trial court erred in admitting in evidence purported business records, bank deposit slips, without first determining that the records were made under circumstances justifying their admission under R. C. 2317.40.[2]

The state sought to introduce these bank records as circumstantial evidence of a coin payoff following a vending machine company burglary as testified to by Broeckel. These records, copies of two bank deposit slips, showed a deposit to each of the checking accounts of Kehn and Mihalic. Both slips indicated that the deposits were made in coin. The assistant to the special records officer testi-

---

[2]R. C. 2317.40 states, in pertinent part:

"A record of an act, condition, or event, in so far as relevant, is competent evidence if the custodian or the person who made such record or under whose supervision such record was made testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."

18

fied that his department is custodian of the bank's records. He identified one of the offered exhibits as a copy of a deposit slip which was under his care and custody in the normal course of business, and explained that the amount deposited was entered in the space designated "coin."

The trial record does not indicate that either appellant timely objected to the introduction of the deposit slips as evidence. Rather than objecting, appellants sought to offer explanations of the deposit slips.

We conclude that the deposit slips were properly qualified under R. C. 2317.40. This proposition of law is without merit, and is overruled.

Appellants assert, in their fifth proposition of law, that the trial judge's possession of the notes made by the jury foreman constituted evidence *aliunde,* thus permitting inquiry into possible misconduct by the jury. Appellants assert further that if such material is brought into the jury room, then it is error which requires a new trial.

The verdict of a jury may not be impeached by the testimony or affidavits of a member of that jury unless there is evidence *aliunde* impeaching the verdict. See *Dichl* v. *Wilmot Castle Co.* (1971), 26 Ohio St. 2d 249. Thus, before a juror may testify as to his own verdict, a foundation for that testimony must be acquired by the court, other than by testimony volunteered by the jurors themselves.

The Court of Appeals concluded that the trial judge's possession of the notebook did not constitute evidence *aliunde.* We disagree. Following the trial, the foreman of the jury sent to the judge an extensive trial notebook, containing detailed testimony digests, charts, points of law (some incorrect), and even philosophical phrases. Such a detailed set of notes in the judge's possession constitutes more than a juror's admission or testimony as to possible misconduct. Rather, it is outside evidence which suggests the possibility of prejudice.

Apparently, the trial judge came to the same conclusion. After he received the notes, he notified all parties and all members of the jury of his receipt of the notes, and held a

hearing to determine if the notes had an influence on the verdict. Each juror stated that his verdict was in no way influenced by the notes. No prejudice to appellants was affirmatively demonstrated. It is a long-standing rule of this court that we will not reverse a judgment because of the misconduct of a juror unless prejudice to the complaining party is shown. *Armleder* v. *Lieberman* (1877), 33 Ohio St. 77. We find that the trial court did not err in denying a new trial, and overrule this proposition of law.

Appellant Mihalic's sixth proposition of law asserts that the trial court erred in excluding the proffered testimony of a defense witness who would have testified that Broeckel harbored ill will for Mihalic. Appellant asserts further that since such witness is the only direct evidence of such ill will, it cannot be said that the error was harmless beyond a reasonable doubt.

The evidence which Mihalic sought to introduce was the testimony of one Zimmerman who would have testified that in a conversation he had with Broeckel, Broeckel referred to Mihalic as a "rotten S. O. B." Broeckel had earlier testified that Mihalic was "a nice person." The state objected to Zimmerman's testimony on the ground that it was offered to impeach a prior inconsistent statement by Broeckel and that counsel for appellant failed to lay a proper foundation upon which Broeckel could later be impeached. The trial court sustained the objection.

Appellant contends here, as he did in the Court of Appeals, that the purpose of the testimony was not to impeach a prior inconsistent statement by Broeckel, but rather to demonstrate that Broeckel was prejudiced or biased towards Mihalic. We agree, as did the Court of Appeals. The impeachment of a witness by showing bias or prejudice does not require the foundation necessary for impeaching a prior inconsistent statement, and therefore the trial court should have allowed Zimmerman to testify.

The Court of Appeals concluded that this error was harmless beyond a reasonable doubt. After careful consideration, we agree. A defendant is not entitled to a perfect and

20

errorless trial, but he is entitled to a fair and impartial one. See *State* v. *Perryman* (1976), 49 Ohio St. 2d 14, 19. No prejudicial effect sufficient to warrant a new trial was caused by this error. This proposition of law is overruled.

Appellant Mihalic's last proposition of law alleges that the trial court erred in admitting evidence of Mihalic's checking account without attempting to demonstrate that his net worth also increased during the period of the alleged crimes. Appellant asserts that in the absence of such a foundation, evidence of checking account activity is irrelevant.

This proposition is without merit. Clearly, considering the type of charges against Mihalic, evidence of bank activity is relevant and of probative value. Such evidence is certainly not conclusive; the jury is free to give it any weight it desires, or to disregard it. Appellant offered, in considerable detail, explanations and rebuttal evidence. It is not our function to act as a reviewing jury; we see no improper conduct or impermissible inferences. Proposition of law number seven is overruled.

Accordingly, the judgment as to both appellants is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, McCORMAC, P. BROWN, SWEENEY and LOCHER, JJ., concur.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.