**Dennis KEHN, Peter Mihalic, Petitioners-Appellants,**

v.

**Gerald T. McFAUL, Sheriff of Cuyahoga County, Ohio; William J. Brown, Attorney General of the State of Ohio; and David McKeand, Superintendent, Columbus Correctional Facility, Respondents-Appellees.**

**Nos. 79–3418, 79–3419.**

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1980.

Decided Feb. 20, 1980.

Jeffrey W. Largent, Jeffries, Kehn & Largent, Cleveland, Ohio, for petitioners-appellants.

William J. Brown, Atty. Gen. of Ohio, Simon B. Karas, Lianne Santellani, Columbus, Ohio, for respondents-appellees.

Before: WEICK, BROWN and KENNEDY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying the applications of Kehn and Mihalic, police officers of the City of Cleveland of the rank of Sergeant and Lieutenant, respectively, for writs of habeas corpus.

They had been jointly indicted by a Grand Jury in the Court of Common Pleas of Cuyahoga County, Ohio, on 32 counts for a series of crimes in which they had participated as police officers, which included burglary, larceny and unlawful entry. In a lengthy trial, the jury found Kehn guilty on 30 counts of the indictment and Mihalic guilty on 13 counts, after the trial judge had granted judgments of acquittal in favor of Mihalic on 19 counts. Kehn was sentenced to a term of imprisonment of 8 to 40 years and Mihalic to 3 to 15 years.

They appealed their convictions to the Court of Appeals of Cuyahoga County, Ohio

in Case No. 34055 asserting a number of grounds of error including misconduct of the jury. The judgment of conviction was affirmed as to each appellant.

On appeal to the Supreme Court of Ohio, the judgment of conviction was affirmed as to each appellant in an opinion reported in *State v. Kehn, et al.*, 50 Ohio St.2d 11, 361 N.E.2d 1330 (1977).

Certiorari was denied by the Supreme Court of the United States on October 3, 1977 in No. 77102.

Kehn and Mihalic each petitioned the United States District Court for the Northern District of Ohio Eastern Division for a writ of habeas corpus in Civil Action No. C78–814 and C78–815. In a Memorandum and Order, District Judge William K. Thomas gave careful consideration to the various contentions asserted by petitioners which they claimed deprived them of a fair trial and due process of law in violation of their constitutional rights. He denied each petition. Kehn and Mihalic filed a joint notice of appeal which was docketed in Case Nos. 79–3418 and 79–3419 in this court.

The sole issue presented to us for decision is juror misconduct. The misconduct alleged is that one of the jurors who had become foreman took copious notes but not in the courtroom. These notes were in the jury room during deliberation together with one sheet containing some concepts as to the law. The state court trial judge learned of this after the jury had returned its verdict when the foreman of the jury sent to the judge a small notebook, several legal capsheets and a letter explaining the various items. The trial judge immediately notified counsel on both sides and conducted a hearing at which each juror was questioned separately as to what extent the writings had been involved in the jury's deliberations and as to what effect this material had on their verdict.

The foreman testified that he had prepared the notes primarily for his own recollections. All of the jurors testified that the materials had no effect whatsoever on their decisions.

The state trial judge had instructed the jurors, in a pretrial order, not to take notes during the trial. Ordinarily this means not to take notes in the courtroom during the trial as taking of notes might result in distraction of the jurors and possible interference with their hearing of all of the evidence. Taking of the notes by the foreman away from the courthouse was not a technical violation of the court's pretrial order but may have been a violation of the spirit of the order. It is not unusual in Ohio for its courts to expressly permit jurors to take notes during a trial. Whether or not to permit the jurors to take notes in Ohio trials involves purely a question of state law which the Ohio courts are competent to decide.

In the present case, this issue was expressly decided by the state trial judge after extensive questioning of all of the jurors. He found no prejudice to the defendants. He was affirmed by the state court of appeals and in a unanimous opinion of the Supreme Court of Ohio. They all found no prejudice to the defendants and no violation of the defendants' rights.

We find no constitutional violation of the rights of the defendants to due process of law and a fair trial. They each received due process of law and a fair trial in the state courts. The district court was correct in denying habeas corpus relief and its judgment is affirmed in each appeal.