**The STATE of Ohio, Appellee,**

**v.**

**ROGERS, Appellant.** ▮

[Cite as *State v. Rogers* (1990), 68 Ohio App.3d 4.]

Court of Appeals of Ohio,
Summit County.

No. 14318.

Decided June 13, 1990.

*Philip D. Bogdanoff,* Assistant Prosecuting Attorney, for appellee.

*Patricia A. Millhoff,* for appellant.

CACIOPPO, Judge.

Appellant Roy Rogers was indicted for one count of rape, a violation of R.C. 2907.02, and a firearm specification. The case proceeded to a jury trial. At the close of all the evidence, Rogers moved for acquittal, pursuant to Crim.R. 29. The trial court denied the motion.

A jury found Rogers not guilty of rape, but guilty of attempted rape by use of force or threat of force on a person less than thirteen years old, and guilty of the firearm specification.

Rogers came before the court for sentencing on September 28, 1989. At the outset of the hearing, defense counsel made a motion for a new trial and in the alternative requested to depose or obtain an affidavit from juror number eight. As grounds for the motion, counsel contended that juror number eight went to the public library where he researched the female anatomy and used the information in his decision on the verdict. The trial court overruled the motion. Rogers was sentenced. He filed a timely appeal.

### Assignment of Error I

"The trial court erred in failing to grant appellant's motion for a new trial or in the alternative to permit counsel for appellant to provide evidence under oath to support said motion."

Rogers argues that the trial court erred in denying his motion for a new trial based on alleged juror misconduct and in denying his request to depose or obtain an affidavit from juror number eight.

Where the ruling on a motion for a new trial requires an exercise of discretion, the decision on appeal will be reversed only upon a showing that the trial court abused its discretion. *State v. Lane* (1976), 49 Ohio St.2d 77, 3

O.O.3d 45, 358 N.E.2d 1081. An abuse of discretion is more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149.

Crim.R. 33 provides in relevant part:

"(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

" * * *

"(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

" * * *

"(C) Affidavits required. The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit."

In the case before us, appellant based his motion for a new trial on alleged juror misconduct. He alleged that juror number eight had gone to the public library and studied female anatomy.

Crim.R. 33(C) requires affidavits which support the motion alleging grounds under subsection (A)(2) of that rule. *Toledo v. Stuart* (1983), 11 Ohio App.3d 292, 293, 11 OBR 557, 558, 465 N.E.2d 474, 475. If the defendant fails to produce supporting affidavits, the trial court, in its discretion, may deny the motion summarily without a hearing. *Id.*

In this case, an affidavit was not submitted to the trial court to support the claim alleged in the motion for a new trial. Without a sworn affidavit, the motion for a new trial was nothing more than counsel's bald assertion of juror misconduct. Under these circumstances, we cannot say the trial court abused its discretion in denying a new trial.

As to the trial court's denial of counsel's request to depose or obtain an affidavit from juror number eight, we turn to Evid.R. 606(B). It recites in pertinent part:

"(B) *Inquiry into validity of verdict or indictment.* Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith. *A juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was*

*improperly brought to bear on any juror, only after some outside evidence of that act or event has been presented.* However a juror may testify without the presentation of any outside evidence concerning any threat, any bribe, any attempted threat or bribe or any improprieties of any officer of the court. His affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying will not be received for these purposes." (Emphasis added.)

The verdict of a jury may not be impeached by the testimony or affidavits of a member of that jury unless there is evidence *aliunde* impeaching the verdict. *State v. Vance* (May 7, 1986), Summit App. No. 12376, unreported, 1986 WL 5406, citing *State v. Kehn* (1977), 50 Ohio St.2d 11, 18, 4 O.O.3d 74, 78, 361 N.E.2d 1330, 1335. Evidence *aliunde* is evidence distinct or independent of the testimony volunteered by the juror himself. *Eichner v. Mayfield* (Feb. 4, 1987), Lorain App. No. 4078, unreported. Thus, before a juror may testify as to his own verdict, a foundation for that testimony must be acquired by the court, other than by testimony volunteered by the jurors themselves. *State v. Kehn, supra,* at 18, 4 O.O.3d at 78, 361 N.E.2d at 1335.

In the instant case, the trial court was not presented with any evidence concerning possible juror misconduct beyond the statements of appellant's counsel. No independent proof of the alleged misconduct was made available to the trial court. In the absence of evidence *aliunde,* we find no error in denying counsel's request to obtain testimony or sworn statements concerning whether extraneous prejudicial information was improperly brought to the jury's attention or whether outside influence was improperly brought to bear on any juror.

The record in the instant case does not provide a sufficient basis upon which this court can make a finding of prejudice to appellant. As grounds for the new trial, counsel argued that the effect of the juror's alleged misconduct and whether a juror has been guilty of misconduct rests solely within the discretion of the trial court and the determination will not be disturbed in the absence of a showing that the trial court abused its discretion. *State v. Clark* (Dec. 24, 1986), Summit App. No. 12678, unreported, 1986 WL 14849. We find no abuse of discretion.

The first assignment of error is overruled.

In the remaining assignments of error, Rogers assigns sufficiency of the evidence. Although this court relies on the same standard for sufficiency, we will address each assignment on the merits.

## Assignment of Error II

"The trial court committed error in failing to grant appellant's motion for judgment or acquittal in that the state failed to prove beyond a reasonable doubt that the firearm was operable or could readily have been rendered operable at the time of the alleged offenses in order to support the imposition of an additional three years' actual incarceration for possession for a firearm during the commission of a felony pursuant to Ohio Revised Code Section 2923.11(B) and Ohio Revised Code Section 2929.71(A)."

Rogers contends that his conviction on the firearm specification was based upon insufficient evidence of operability. Rogers argues that the trial court erred in not granting his motion for acquittal pursuant to Crim.R. 29.

A claim of insufficient evidence requires a determination that any rational trier of fact could find all essential elements of the offense beyond a reasonable doubt after viewing, but not weighing, the probative evidence and construing reasonable inferences most favorably to the prosecution. *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720. In reviewing the trial court's determination concerning a motion for acquittal, an appellate court construes the evidence in a light most favorable to the state. The appellate court must determine whether reasonable minds could reach different conclusions as to proof beyond a reasonable doubt for each element of the crime charged. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. "A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132, syllabus.

R.C. 2929.71 provides in part:

"(A) The court shall impose a term of actual incarceration of three years in addition to * * * an indefinite term of imprisonment * * * if both of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony * * *;

"(2) The offender is also convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony. * * * *"

"(D) As used in this section.

"(1) 'Firearm' has the same meaning as in section 2923.11 of the Revised Code[.]"

R.C. 2923.11(B) provides:

"(B) 'Firearm' means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable."

In *State v. Smith* (Mar. 14, 1990), Summit App. No. 14231, unreported, 1990 WL 28104, we stated the following:

"R.C. 2923.11(B) and 2929.71(A) require that the state prove beyond a reasonable doubt that the gun was operable at the time of the offense. *State v. Gaines* (1989), 46 Ohio St.3d 65 [545 N.E.2d 68], syllabus. Such fact may be established by circumstantial evidence. *Id.* at 69 [545 N.E.2d at 71]. Nevertheless, there must be some evidence relative to the gun's operability. *Id.* The Supreme Court in *Gaines, supra,* infers that introduction of the gun into evidence is sufficient evidence from which the trier of fact could find that the gun was operable."

In the instant case, the gun itself was admitted into evidence. The jury had possession of the gun and could determine beyond a reasonable doubt that the gun was operable. Additionally, Detective Mathews testified that he examined the Mossburg .16 guage bolt-action shotgun and it was operable.

The state offered physical evidence and testimony which was both direct probative evidence and the basis for reasonable inferences from which a rational trier of fact could find that the gun was operable.

The second assignment of error is overruled.

## Assignment of Error III

"The court erred in failing to grant defendant-appellant's motion for judgment of acquittal on the firearm specification in that the State of Ohio failed to introduce sufficient evidence to prove that defendant-appellant had a firearm on or about his person or under his control during the commission of the offense."

Rogers argues that the state failed to present sufficient evidence to establish that the gun was on or about his person or under his control while committing the attempted rape. He argues that the trial court erred in not granting his motion for acquittal pursuant to Crim.R. 29.

A claim of insufficient evidence requires a determination that any rational trier of fact could find all essential elements of the offense beyond a reasonable doubt after viewing, but not weighing, the probative evidence and construing reasonable inferences most favorable to the prosecution. *State v. Martin, supra.* In reviewing the trial court's determination concerning a motion for acquittal, an appellate court construes the evidence in a light most favorable to the state. The appellate court must determine whether reason-

able minds could reach different conclusions as to proof beyond a reasonable doubt for each element of the crime charged. *State v. Bridgeman, supra.* "A reviewing court will not reverse a jury verdict where there is substantial evidence upon which a jury could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." *State v. Eley, supra.*

R.C. 2929.71(A)(2) requires that the state prove beyond a reasonable doubt that Rogers had a firearm "on or about his person or under his control while committing the felony." The felony for which Rogers was convicted is attempted rape.

R.C. 2923.02, defining "attempt," provides:

"No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense."

R.C. 2907.02(A)(1)(b) defines "rape" as:

"No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when either of the following apply: " * * *

"The other person is less than thirteen years of age, whether or not the offender knows the age of such person."

In the present case, the state presented the testimony of the victim. Michelle testified that Rogers physically attacked her in a second-floor bedroom. After the attack, Michelle went to a bathroom and dressed herself. She walked downstairs, went into a first-floor bedroom where her younger siblings were sleeping, went into a first-floor bathroom, went into the living room where Rogers verbally threatened her, returned to the bathroom and then sat down in the living room. At that point, Rogers removed a gun from the gun-rack, pointed it at Michelle and told her that if she told anyone about the attack, he would kill her.

The state argues that the attempted rape continued minutes after Michelle was physically attacked in the second-floor bedroom. The state contends that the element of force which was established by Rogers' verbal threats acted to continue the attempted rape.

The facts of this case do not support a finding that Rogers was committing an attempted rape while he had a firearm on or about his person or under his control. The offense occurred in the second-floor bedroom while the firearm was in the first floor gun-rack. The third assignment of error is sustained.

### Assignment of Error IV

"The trial court erred in failing to grant defendant-appellant's motion for judgment of acquittal on the offense of rape, in that the State of Ohio failed to introduce sufficient evidence that the offense had been committed."

Rogers asserts that the evidence was insufficient to sustain a conviction of rape and that Michelle was not a credible witness. He argues that the trial court erred in not granting his motion for an acquittal pursuant to Crim.R. 29.

In reviewing the record, this court is aware that Rogers was convicted of attempted rape. We address this assignment of error as it pertains to rape, the offense for which Rogers was indicted. In viewing the trial court's determination concerning a motion for acquittal, an appellate court construes the evidence in a light most favorable to the state. The appellate court must determine whether reasonable minds could reach different conclusions as to proof beyond a reasonable doubt for each element of the crime charged. *State v. Bridgeman, supra.*

In the case *sub judice,* the state offered the testimony of several witnesses which was the basis for reasonable inferences from which a rational trier of fact could find all essential elements of the offense. Issues of credibility and weight of the evidence are not issues of sufficiency. *State v. Martin, supra.*

The fourth assignment of error is overruled.

### Summary

Based on the foregoing, this cause is affirmed in part and reversed in part. Due to our disposition of the third assignment of error, judgment is reversed as to the gun specification only.

*Judgment accordingly.*

BAIRD, P.J., and CIRIGLIANO, J., concur.