The STATE of Ohio, Appellee,

v.

MESSER, Appellant.

[Cite as *State v. Messer* (1995), 107 Ohio App.3d 51.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 94CA006020.

Decided Oct. 25, 1995.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Lisa Locke-Graves,* Assistant Prosecuting Attorney, for appellee.

*Beverly A. Caley,* for appellant.

REECE, Judge.

Appellant Kenneth R. Messer appeals his conviction of one count having weapons while under a disability with a firearm specification. We affirm.

## I

In the early morning hours of August 10, 1994, Kenneth Messer and codefendant David Bansek forcefully entered the 1 Stop Beverage located in Avon Lake, Ohio. Messer and Bansek took approximately $400, a .38 caliber Charter Arms handgun and a nine-millimeter Smith & Wesson handgun. Approximately two weeks later, on August 23, 1994, the pair again attempted to break into the 1 Stop Beverage. However, upon activating a newly installed alarm system Messer and Bansek abandoned their endeavor.

During the afternoon of August 23, 1994, Lorain police officers executed both search and arrest warrants at the residence of Beverly Chamberlin, Messer's fiance. Both Messer and Bansek were then living with Chamberlin. After

arresting Messer and Bansek, the police searched Chamberlin's apartment and found the nine-millimeter Smith & Wesson taken from the 1 Stop Beverage. The loaded handgun was discovered under the mattress in the bedroom Chamberlin and Messer shared.

On October 12, 1994, Messer was indicted on two counts of breaking and entering with prior violence specifications, one count of grand theft with a prior violence specification, and one count of having weapons while under a disability with prior violence and firearm specifications. Messer pleaded not guilty on all counts. On November 22, 1994, prior to trial, Messer withdrew his former plea and entered a plea of guilty of two counts breaking and entering. The specifications were severed from these counts.

At trial, the jury found Messer guilty on all remaining counts and specifications. Messer was sentenced as follows: three to five years concurrent for the two counts of breaking and entering; three to five years concurrent for having weapons under a disability plus three years' actual incarceration for the firearm specification; and four to ten years consecutive for grand theft and the other specifications.

## II

Messer assigns as error the following: (1) the trial court erred in not granting his motions for acquittal of having weapons while under a disability with a firearm specification; (2) the trial court erred in excluding as hearsay portions of Beverly Chamberlin's testimony; and (3) the added term of incarceration for the firearm specification violates the rights granted in the Double Jeopardy Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

## A

At trial Messer twice moved for an acquittal, pursuant to Crim.R. 29(A), on the charge of having weapons while under a disability with a firearm specification. The motion was denied. Crim.R. 29(A) provides that once the evidence on either side is closed, acquittal shall be ordered where the "evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a ruling on a motion for acquittal, "this court construes the evidence in a light most favorable to the [state]. An entry denying the motion is proper if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State v. Wolfe* (1988), 51 Ohio App.3d 215, 216, 555 N.E.2d 689, 691.

R.C. 2923.13(A) provides:

"Unless relieved from disability * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 " * * *

"(2) Such person is under indictment for or has been convicted of any felony of violence, or has been adjudged a juvenile delinquent for commission of any such felony[.]"

Pursuant to R.C. 2929.71(A):

"The court shall impose a term of actual incarceration of three years in addition to imposing * * * an indefinite term of imprisonment pursuant to section 2929.11 of the Revised Code, if all of the following apply:

"(1) The offender is convicted of, or pleads guilty to, any felony other than a violation of section 2923.12 of the Revised Code.

"(2) The offender also is convicted of, or pleads guilty to, a specification charging him with having a firearm on or about his person or under his control while committing the felony.

"(3) Section 2929.72 of the Revised Code is inapplicable."

According to R.C. 2923.11(B)(1), a "firearm" is "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. 'Firearm' includes an unloaded firearm, and any firearm which is inoperable but which can readily be rendered operable."

Messer argues the state failed to present evidence proving beyond a reasonable doubt that the nine-millimeter handgun was operable as required by the definition of "firearm." See *State v. Murphy* (1990), 49 Ohio St.3d 206, 208–209, 551 N.E.2d 932, 934–935; *State v. Gaines* (1989), 46 Ohio St.3d 65, 68–69, 545 N.E.2d 68, 71–72. Messer contends that while *Murphy, supra*, holds that the testimony of a lay witness may be sufficient to establish operability beyond a reasonable doubt, sufficient evidence was not present in the instant case. We disagree.

Operability may be established by circumstantial evidence. *State v. Rogers* (1990), 68 Ohio App.3d 4, 10, 587 N.E.2d 381, 385–386. The state produced the testimony of a veteran police officer who stated the gun appeared operable. Evidence was also submitted that the gun was found in the apartment loaded and hidden under a mattress, suggesting operability. Finally, the gun itself was admitted into evidence. This alone would be sufficient to prove operability. *Id.* The direct evidence provided by the admission of the gun itself, coupled with the circumstantial evidence provided through witness testimony, was such that "reasonable minds could reach different conclusions as to proof beyond a reasonable doubt" on the element of operability. *Id.* at 10–11, 587 N.E.2d at 386.

 Messer similarly contends the trial court should have granted his motion for acquittal because the state failed to prove possession of the nine-millimeter firearm beyond a reasonable doubt. "Possession" may be either actual or constructive. "Actual possession requires ownership and, or, physical control." *State v. Hardy* (1978), 60 Ohio App.2d 325, 327, 14 O.O.3d 289, 290, 397 N.E.2d 773, 775. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Wolery* (1976), 46 Ohio St.2d 316, 329, 75 O.O.2d 366, 374, 348 N.E.2d 351, 360. Constructive possession may also be achieved by means of an agent. *Hardy, supra.*

Messer asserts that the evidence presented at trial showed that the gun was in the possession of either Chamberlin or Bansek. Chamberlin testified that she put the nine-millimeter firearm under the mattress and that Bansek, not Messer, "possessed" the gun. However, the state produced evidence that the gun was found in the bedroom Chamberlin and Messer shared and that Chamberlin lied when she originally told police it was hers. The state also produced two witnesses, Bansek and Lawrence Starr, Messer's parole officer, who both testified that Messer possessed the nine-millimeter Smith & Wesson.

Assessments of credibility are for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The jury chose to believe the state's evidence and witnesses while doubting Chamberlin's testimony. Viewing the evidence in a light most favorable to the prosecution, the state produced sufficient evidence for reasonable minds to conclude that possession, actual or constructive, was proved beyond a reasonable doubt.

Messer's first assignment of error is overruled.

### B

In his second assignment of error, Messer argues that the trial court erroneously excluded the following testimony by Beverly Chamberlin as hearsay:

"Q. How did that gun come to be under the mattress?

"A. David Bansek asked me to put it there.

"[Prosecutor]: I ask that that be stricken as hearsay, your Honor.

"The Court: Yes, it is hearsay at this point. * * *.

"A. I put it there.

"Q. And why did you put it there?

"A. Because David Bansek asked me to.

"[Prosecutor]: Objection again.

"The Court: Again, not what anybody asked you or told you. You cannot testify to that. Just actually what happened and again, ladies and gentlemen, you are to disregard that statement."

 Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Testimony which explains the actions of a witness to whom the statement was made, and is offered to show why the witness acted in a particular manner rather than to prove the truth of the statement, is not hearsay. *State v. Maurer* (1984), 15 Ohio St.3d 239, 262–264, 15 OBR 379, 398–399, 473 N.E.2d 768, 789–791; *State v. Price* (1992), 80 Ohio App.3d 108, 110, 608 N.E.2d 1088, 1089; *State v. Blevins* (1987), 36 Ohio App.3d 147, 149, 521 N.E.2d 1105, 1108–1109. In the present case, Chamberlin's testimony that she put the nine-millimeter handgun under the bedroom mattress at Bansek's direction was not hearsay. Although Messer's ultimate objective in introducing such testimony was to prove the truth of the assertion that he did not have possession of the gun, the immediate purpose of the statement was to show why Chamberlin hid the gun under the mattress. Therefore, the trial court improperly excluded Chamberlin's testimony as hearsay.

 However, Chamberlin was permitted to testify to the following:

"Q. Prior to putting it under the mattress, how did you come to acquire the gun?

"A. David Bansek gave it to me.

" * * *

"The Court: Have you seen him with that gun before?

"The Witness: Yes.

"The Court: Where?

"The Witness: In my house.

" * * *

"Q. So you lied once. Are we to believe you now, that David Bansek told you to put the gun under the mattress, or are we to believe you then?

"A. I have no reason to lie now.

" * * *

"Q. Now, you do not want your fiance to go to jail, do you?

"A. Yeah, I want him to go to jail for what he has done. I don't want him to go to jail for something that he hasn't done. * * *

"Q. Do you want him to go to jail for possessing and having control of this nine-millimeter gun?

"A.. No."

Although a portion of Chamberlin's testimony was improperly excluded as hearsay, she was still permitted to testify that Bansek gave her the gun, Bansek exerted control over the gun in her apartment, and Messer should not go to jail for a crime he did not commit. Essentially, the jury received the same information Messer sought to convey in the excluded testimony—that Bansek, not Messer, had possession of the nine-millimeter handgun.

Crim.R. 52(A) provides that an error, defect, or irregularity which does not affect substantial rights shall be ignored. "[An] accused has a constitutional guarantee to a trial free from prejudicial error, not necessarily one free of all error." *State v. Brown* (1992), 65 Ohio St.3d 483, 485, 605 N.E.2d 46, 47–48. Where an error is harmless beyond all reasonable doubt, reversal is unwarranted. *Id.* In light of Chamberlin's permitted testimony, and all other evidence adduced at trial, there is no reasonable probability that the exclusion of the statements made to Chamberlin contributed to Messer's conviction. See *Blevins*, 36 Ohio App.3d at 150, 521 N.E.2d at 1109–1110.

Messer's second assignment of error is overruled.

## C

In his third assignment of error, Messer asserts that an added term of incarceration for the firearm specification violates the constitutional guarantee against double jeopardy found in the Fifth and Fourteenth Amendments to the United States Constitution. Failure to raise an apparent constitutional claim at trial operates as a waiver of that claim. *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 202–203, 489 N.E.2d 277, 279–280. Although appellate courts have the discretion to review claims when they are not raised below, that discretion ordinarily is not exercised where the right to be vindicated was in existence prior to or at the time of trial.[1] *Id.* Because Messer did not raise his constitutional objection at trial, his double jeopardy claim is waived.

Messer's third assignment of error is overruled.

---

1. This claim, if not waived, would fail on its merits. R.C. 2929.71 does not violate the guarantees against double jeopardy because it does not create a separate offense of which Messer can be convicted. It only becomes effective as a sentencing enhancer once a defendant is convicted of a felony as set forth in the statute. Thus, a defendant does not receive multiple sentences, but rather a single more severe penalty because the conviction involves a firearm. *State v. Price* (1985), 24 Ohio App.3d 186, 188, 24 OBR 277, 278–279, 493 N.E.2d 1372, 1373–1374. See, also, *State v. Walton* (1990), 66 Ohio App.3d 243, 249, 583

## III

Appellant Kenneth Messer's three assignments of error are overruled. His conviction and sentence for having weapons under a disability with a firearm specification is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.

---

N.E.2d 1106, 1109–1110; *State v. Broadus* (1984), 14 Ohio App.3d 443, 445, 14 OBR 563, 564–565, 472 N.E.2d 50, 51–52.