[Cite as *State v. Monk*, 2012-Ohio-1912.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00213 |
| PAUL MONK | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal appeal from the Canton Municipal
                                Court, Case No. 2011CRB2379


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         April 30, 2012


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ANTHONY RICH                       BETH A. LIGGETT
Canton Prosecutor's Office         Stark County Public Defender's Office
218 Cleveland Ave. S.W.            200 West Tuscarawas St., Ste. 200
Canton, OH 44701                   Canton, OH 44702

*Gwin, J.*

**{¶1}** On June 30, 2011, appellant, Paul Monk, ("Monk") was arrested and charged with one count of falsification, a misdemeanor of the first degree and one count of obstructing official business, a misdemeanor of the second degree. A jury trial was held on August 24, 2011. The jury found Monk guilty of both charges.

**{¶2}** On August 25, 2011, the Court sentenced Monk to serve one hundred eighty days on the falsification conviction. The Court ordered all but eleven of the jail days suspended, and gave Monk credit for one jail day served. The remaining ten-day jail sentence was ordered to be served immediately by Monk. On the conviction for obstructing official business, the Court sentenced Monk to serve ninety days in jail. The Court suspended all but eleven jail days, and gave Monk credit for one jail day served. Monk served the remaining ten days immediately upon being sentenced. Monk was also ordered to pay court costs.

## Facts and Procedural History

**{¶3}** This case centers initially upon the issue of whether Monk's car was stolen. Two diametrically opposed scenarios were presented during Monk's jury trial.

**{¶4}** The state argued that Monk rented his car to Katrina Culberson in exchange for crack cocaine. When she did not return the car as planned, the state contends Monk contacted the Stark County Sherriff's Office and concocted a story that Culberson had borrowed his car and had been kidnapped. Further, if Monk paid $100.00 he could re-gain his car and acquire Culberson's release.

**{¶5}** Detective Hostetler met Monk at a fire station near Monk's home to take the report and begin the investigation. However, Monk did not appear at the arranged

time. After attempting to locate Monk without success, Detective Hostetler returned to the pre-arranged meeting place. As he arrived, Detective Hostetler saw Monk in his vehicle talking on his cell phone. Monk was in the process of calling 9-1-1 to report that he had just been robbed at gunpoint. Detective Hostetler questioned Monk about what had occurred. Monk told the detective that Culberson had shown up with two black males; they pulled a gun on him and made him get in the car. Monk claimed that he insisted on driving and the men allowed him. Monk told Detective Hostetler that he went to get gas and was going to drive to the fire station but the gunmen jammed his gun into the back of the seat and told him to pull over. At this point Monk told the detective that Culberson drove them back to an apartment on Harriet Avenue where everyone got out and ran. Monk further informed the detective that they took one hundred dollars from him.

{¶6} At trial Monk testified that on June 24, 2011, he allowed Culberson to borrow his vehicle for a few hours to run errands for her mother. Monk knew Culberson from residing in the same apartment complex approximately six years prior. Monk had loaned his vehicle to Culberson a few times in the past without incident. However, on this occasion, Culberson did not return the vehicle within two hours as instructed. She further failed to return Monk's calls during the first twenty-four hours. Monk testified that he then filed an unauthorized use of motor vehicle report on June 25, 2011 with Deputy Gurlea.

{¶7} On June 27, 2011, Monk testified that he received two phone calls, one from Culberson and one from an unknown subject, regarding meeting for the return of his vehicle. Monk notified the Stark County Sheriff's Department regarding the phone

calls and made plans to meet with Deputy Hostetler to attempt to get his vehicle back. Monk claimed that while preparing to meet Hostetler, Culberson and two black males pulled up in his vehicle and ordered him to get in the car. Monk got in the driver's seat at which time one of the males in the back seat demanded $100.00 from Monk in order to get the car back. Monk gave that individual the money. Monk was advised that the vehicle was low on gas, so he drove to a gas station and paid $25.00 for gas at the pump. Upon leaving the gas station, Monk was ordered to pull over and allow Culberson to drive. Culberson drove to another location where she and the two male passengers exited the vehicle and fled on foot. Monk then drove to the fire station and met Deputy Hostetler to relate the incident to him. Monk was questioned verbally and provided a written statement simultaneously.

{¶8} Monk stated that this incident shook him up and that he probably related the facts out of order to the deputy. Monk further indicated that he felt that he had been robbed because he had to give $100.00 to get his own vehicle back. Monk further wrote he felt that he had been threatened by a gun. Monk told Detective Hostetler that he never saw a gun. Monk also wrote in his statement that he never saw a gun.

{¶9} Monk raises one assignment of error,

{¶10} "I. APPELLANT'S CONVICTIONS FOR FALSIFICATION AND OBSTRUCTING OFFICIAL BUSINESS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶11} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio

St.3d 89, 684 N.E.2d 668, 1997-Ohio-355. When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. *Id.* at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*

{¶12} To reverse the judgment of a trial court on weight of evidence, when the judgment results from trial by jury, a unanimous concurrence of all three judges on court of appeals panel reviewing the case is required. Ohio Constitution, Article, IV, Section 3(B)(3).

{¶13} In the case at bar, Monk was charged with falsification and obstructing official business based upon the same conduct. The "to wit" language in both complaints is identical and states, "Defendant did knowingly provide Officers with false information in regards to an alleged robbery in attempt to have Officers investigate a crime that never actually occurred."

{¶14} Monk argues on appeal that he is more credible than Culberson is and that any misstatements he may have made to the police were innocent

misrepresentations. He notes that Culberson was arrested and charged when she provided a false identity to Deputy Hostetler during his investigation. At the time of trial, she was awaiting sentencing on that charge.

**{¶15}** In either a criminal or civil case the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. By the verdict rendered herein, it is apparent that the jury believed the testimony of the prosecuting witness and the corroborating evidence presented by the state. Although Monk cross-examined the witnesses and argued that Culberson was not credible, and further any misstatements were unintentional, the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

A fundamental premise of our criminal trial system is that "the *jury* is the lie detector." *United States v. Barnard,* 490 F.2d 907, 912 (9th Cir. 1973) (emphasis added), cert. denied, 416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the "part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men." *Aetna Life Ins. Co. v. Ward,* 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891).

*United States v. Scheffer* (1997), 523 U.S. 303, 313, 118 S.Ct. 1261, 1266-1267(1997).

{¶16}  The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". *State v. Craig*, 10th Dist. No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens*, 10th Dist. No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548(1964); *State v. Burke,* 10th Dist. No. 02AP-1238, 2003-Ohio-2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

{¶17} The Ohio Supreme Court has recognized that the testimony of a convict who apparently testified in exchange for parole and assurances that he would not have to serve time for any crimes admitted in his testimony was inherently suspect and untrustworthy, but it was the jury's function to determine the credibility of the witness in light of corroborating circumstantial evidence. *State v. Kehn*, 50 Ohio St.2d 11, 14, 361 N.E.2d 1330(1977).

{¶18} We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d

541, quoting *Martin,* 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost its way nor created a miscarriage of justice in convicting Monk of the charges.

{¶19} Based upon the foregoing and the entire record in this matter, we find Monk's convictions were not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before it. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of Monk and Culberson. This court will not disturb that jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Monk's guilt.

{¶20} Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes beyond a reasonable doubt.

{¶21} Appellant's sole assignment of error is overruled in its entirety, and the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P. J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

WSG:clw0409

[Cite as *State v. Monk*, 2012-Ohio-1912.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                              :
                                          :
            Plaintiff-Appellee         :
                                          :
                                          :
                                          :
-vs-                                      :          JUDGMENT ENTRY
                                          :
PAUL MONK                                 :
                                          :
                                          :
            Defendant-Appellant        :          CASE NO. 2011-CA-00213


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed. Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. JOHN W. WISE