OPINION
{¶ 1} Defendant-appellant, Wendell Burnett, appeals from a judgment of the Franklin County Court of Common Pleas finding appellant guilty of one count of possession of cocaine in violation of R.C. 2925.11, and sentencing him accordingly. For the following reasons, we affirm that judgment.
 {¶ 2} Late in the afternoon of April 30, 2001, appellant was standing among a group of people outside an apartment at 813 Kelton Avenue. This apartment had previously been identified as a crack house. This part of Kelton Avenue is also known as a high drug and crime area. Columbus Police Officers Duane West and Howard Pettengill were on routine patrol as they approached the group in their police cruiser. Because the officers recognized some of the individuals as gang members and drug dealers, the officers pulled into an alley just north of the group's location. As they were pulling into the alley, Officer West saw appellant begin walking backwards away from the group. Officer West also noticed a white object in one of appellant's hands. Appellant's behavior and body language aroused the officers' suspicion.
 {¶ 3} The officers got out of their patrol car and began to follow appellant. Appellant appeared to be trying to get out of the officers' line of sight. They followed appellant around the corner of a building to an area behind the porch of an apartment. The officers then saw appellant bending down or just getting ready to stand up. There was no one else in the area and appellant's hands were empty as he stood up. The officers approached appellant and detained him. The officers then found a large bag of crack cocaine on the ground in the immediate area where appellant was standing. Appellant was arrested and taken to the police department. At the police department, Officer West searched appellant and discovered $582 in cash.
 {¶ 4} Appellant was charged with one count of possession of cocaine. Subsequently, appellant filed a motion to suppress any evidence obtained as a result of appellant's search and seizure. After an evidentiary hearing, the trial court denied appellant's motion. Appellant's case proceeded to trial. A jury found appellant guilty of one count of possession of cocaine and the trial court sentenced appellant accordingly.
 {¶ 5} Appellant appeals, assigning the following as error:
 {¶ 6} "1. As the police lacked reasonable, articulable suspicion to justify an investigatory detention of Appellant, the trial court erred in overruling Appellant's motion to suppress evidence and thereby violated his rights as guaranteed by the Fourth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 7} "2. The trial court erred and thereby deprived Appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio constitution by overruling Appellant's Crim.R. 29 motion for judgment of acquittal, as the prosecution failed to offer sufficient evidence to prove beyond a reasonable doubt that Appellant possessed cocaine.
 {¶ 8} "3. The trial court erred and thereby deprived Appellant of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution by finding Appellant guilty, as the verdict for possession of drugs was against the manifest weight of the evidence."
 {¶ 9} Appellant contends in his first assignment of error that the trial court erred in overruling his motion to suppress. Appellant argues that the officers lacked reasonable, articulable suspicion to justify his detention. We begin by noting that our review of a trial court's ruling on a motion to suppress evidence presents a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332. The determination of whether a police officer had probable cause or reasonable suspicion for a traffic stop is reviewed de novo. State v. Bing (1999),134 Ohio App.3d 444, 448, citing Ornelas v. United States (1996),517 U.S. 690, 699. However, we give due deference to the trial court's factual findings, accepting the findings if they are supported by competent, credible evidence. State v. Fitzgerald, Summit App. No. 20866, 2002-Ohio-4523, at ¶ 6; State v. Searls (1997),118 Ohio App.3d 739, 741. The trial court assumes the role of fact finder when ruling on a motion to suppress and, therefore, is in the best position to resolve factual questions and evaluate credibility of the witnesses. State v. Russell (1998), 127 Ohio App.3d 414, 416.
 {¶ 10} An officer's decision to conduct an investigatory detention of an individual need only be supported by reasonable, articulable suspicion of criminal activity. Terry v. Ohio (1968), 392 U.S. 1; State v. Taylor (1995), 106 Ohio App.3d 741, 749. Reasonable suspicion is "`vaguely defined as something more than an inchoate or unparticularized suspicion or "hunch," but less than the level of suspicion required for probable cause.'" State v. Shepherd (1997), 122 Ohio App.3d 358, 364. The police must "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry, supra, at 21; see, also, State v. Bobo (1988), 37 Ohio St.3d 177, 180-181. A police officer's reasonable suspicion is measured by an objective standard: " `would the facts available to the officer at the moment of the seizure * * * "warrant a man of reasonable caution in the belief" that the action taken was appropriate?'" Id. at 178-179, quoting Terry, supra, at 21-22.
 {¶ 11} Appellant contends that the officers did not have particularized suspicions sufficient to justify his detention. We disagree. First, Officer West testified that appellant was in a high crime area. Although an investigatory stop is not justified solely because the detention occurred in a high crime area (see State v. Carter [1994], 69 Ohio St.3d 57, 65), the location of a stop and the relevant characteristics of that location are factors which may be considered in determining whether reasonable suspicion existed. Id. at 65; Adams v. Williams (1972), 407 U.S. 143, 144, 147-148. Here, the record demonstrates that the officers based appellant's detention on a number of articulable facts.
 {¶ 12} Officer West testified that appellant was among a group of individuals that were known drug dealers and gang members. Appellant was also standing in front of an apartment that had previously been identified as a crack house. Officer West also testified that he saw a white object in appellant's hand as appellant began to move away from the group. Appellant's behavior and body language aroused the officers' suspicion. "Nervous, evasive behavior is a pertinent factor in determining reasonable suspicion." Illinois v. Wardlow (2000),528 U.S. 119, 124 (the fact that an individual in a high crime area fled for no apparent reason when officers drove by him constituted reasonable suspicion justifying an investigatory detention). Although appellant did not run away, his attempt to leave the sight of the officers, coupled with body movements suggesting that he had discarded something from his hand, are certainly factors that should be considered in assessing whether reasonable suspicion existed.
 {¶ 13} Given the totality of facts available to the officers at the time appellant was detained, we agree with the trial court that the officers had reasonable, articulable suspicion that criminal activity was afoot. Terry, supra, at 30; In re Harvey, Stark App. No. 2001CA00370, 2002-Ohio-5055, at ¶ 10 (finding reasonable, articulable suspicion where defendant fled from police in a high crime area and where police witnessed defendant discard drugs). Therefore, the officers were justified in conducting an investigatory detention of appellant and the trial court properly denied appellant's motion to suppress.
 {¶ 14} Moreover, even if the officers did not have reasonable, articulable suspicion to justify appellant's detention, the trial court still did not err in overruling appellant's motion to suppress. The crack cocaine was not discovered as a result of appellant's detention. Therefore, the abandoned drugs are not the fruit of the detention and not subject to exclusion. California v. Hodari (1991), 499 U.S. 621, 629; see, also, State v. Alexander (1997), 120 Ohio App.3d 164, 170-171; State v. Gay, Montgomery App. No. 18970, 2002-Ohio-1885. Nor was the $582 in cash seized as a result of the investigatory detention. This money was discovered pursuant to a search incident to a valid arrest after the drugs were found on the ground. Weeks v. United States (1914),232 U.S. 383; State v. Walker (July 28, 1998), Franklin App. No. 97APA09-1219. Appellant's first assignment of error is overruled.
 {¶ 15} Appellant contends in his second assignment of error that the trial court erred in overruling his Crim.R. 29 motion. A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. See State v. Williams (1996), 74 Ohio St.3d 569, 576; State v. Miley (1996), 114 Ohio App.3d 738, 742. Crim.R. 29(A) allows a trial court to enter a judgment of acquittal when the state's evidence is insufficient to sustain a conviction. In making this determination, the trial court must construe the evidence in a light most favorable to the prosecution. State v. Bridgeman (1978), 55 Ohio St.2d 261, 263; State v. Evans (1992), 63 Ohio St.3d 231, 248. An appellate court undertakes de novo review of the trial court's decision on a Crim.R. 29(A) motion and will not reverse the trial court's judgment unless reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus; see, also, Miley, supra, at 742. If any rational trier of fact could have found the essential elements of an offense proven beyond a reasonable doubt, the appellate court will not disturb a conviction. Williams, supra, at 576; Jenks, supra, at 273.
 {¶ 16} Appellant claims that appellee failed to present sufficient evidence to prove he possessed the crack cocaine. Appellant was convicted of possession of cocaine in violation of R.C. 2925.11. That statute provides, in relevant part:
 {¶ 17} "(A) No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 18} Possess, or possession, is defined as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).
 {¶ 19} It is well-established that possession of a controlled substance may be actual or constructive. State v. Mann (1993),93 Ohio App.3d 301, 308. A person has actual possession of an item when it is within his immediate physical control. State v. Messer (1995),107 Ohio App.3d 51, 56; State v. Riggs (Sept. 13, 1999), Washington App. No. 98CA39. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus. In the instant case, since the crack cocaine was not found on appellant's person, the state was required to establish that appellant constructively possessed it.
 {¶ 20} This court has acknowledged that the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. State v. Chandler (Aug. 9, 1994), Franklin App. No. 94AP-172; In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. Id.; Jenks, supra, at 272-273. "All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them." Farr, supra. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. State v. Pruitt (1984), 18 Ohio App.3d 50, 58; State v. Varner, Summit App. No. 21056, 2003-Ohio-719, at ¶ 19.
 {¶ 21} The evidence presented at trial, when viewed in a light most favorable to the state, is sufficient to demonstrate that appellant possessed the cocaine. Officer West saw appellant with a white object in his hands when he began to walk away from the officers. Appellant only briefly had been out of the officers' sight when they observed him bending back up. His hands were now empty. A large bag of crack cocaine was found in the immediate area where appellant was standing. This is sufficient evidence to allow a rational trier of fact to find that the essential element of possession was proven beyond a reasonable doubt. Therefore, the trial court properly denied appellant's Crim.R. 29 motion for acquittal. Appellant's second assignment of error is overruled.
 {¶ 22} Finally, appellant contends in his third assignment of error that his conviction was against the manifest weight of the evidence. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 23} Appellant contends that the jury clearly lost its way because the evidence failed to establish he possessed the crack cocaine. After reviewing the evidence as set forth above, we disagree. Officer West testified that he saw appellant with a white object in his hands as he walked away from a group of individuals on Kelton Avenue. Officer West then watched appellant attempt to get out of sight by ducking behind an apartment porch. When the officers approached that area, they saw appellant bending back up with his hands empty. Officer Pettengill then discovered a large bag of crack cocaine in the immediate area where appellant was standing. In light of this evidence, we cannot say that the jury clearly lost its way in convicting appellant. Appellant's conviction is not against the manifest weight of the evidence. Therefore, his third assignment of error is overruled.
 {¶ 24} In conclusion, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK and BROWN, JJ., concur.