DECISION
{¶ 1} Lamont Hughes appeals his conviction[1] on one count of possessing "crack" cocaine in an amount greater than 10 grams but less than 25 grams, in violation of R.C. 2925.11(A) and (C)(4)(d).
 {¶ 2} Lamont Hughes ("appellant") has timely appealed, assigning a single error for our consideration:
 {¶ 3} "Assignment of error:
 {¶ 4} "Appellant's conviction was not supported by the evidence in that the state failed to prove he was in knowing possession of contraband recovered during the raid of premises where he was one of five persons present. Furthermore, the court erred in overruling appellant's motion for acquittal pursuant to Criminal Rule 29 and conviction was against the manifest weight of the evidence."
 {¶ 5} Appellant alleges both that the evidence was insufficient to support his conviction and that his conviction was against the manifest weight of the evidence. Accordingly, we initially set forth the legal standards to be applied in evaluating the sufficiency and weight of the evidence.
 {¶ 6} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. In Thompkins, the court explained at length the distinctions between the two standards:
 {¶ 7} "With respect to sufficiency of the evidence, `sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486 ***. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, *** citing Jackson v. Virginia (1979),443 U.S. 307 ***."
 {¶ 8} When reviewing the sufficiency of the evidence to support a conviction, an appellate court must review the record to determine "whether the evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In Jenks, the Supreme Court set forth the stringent standard of review to be applied in a sufficiency analysis:
 {¶ 9} "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 10} In contrast, as explained in Thompkins, supra, a manifest weight analysis is slightly different:
 {¶ 11} "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487 ***. Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's, supra, at 1594.
 {¶ 12} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42 ***. See, also, State v. Martin (1983),20 Ohio App.3d 172, 175 *** (`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')."
 {¶ 13} Pursuant to the foregoing standards, we examine the record in a light most favorable to the prosecution to determine if the prosecution sufficiently proved beyond a reasonable doubt each element of the offense of possession of crack cocaine, and/or whether the jury "lost its way" in convicting appellant such that a manifest miscarriage of justice occurred.
 {¶ 14} Our review of the record reveals the following evidence adduced at trial.
 {¶ 15} On May 8, 2001, officers of the Columbus Division of Police executed a search warrant at 277 Detroit Avenue. Appellant was lying on the living room floor with a baggie containing 7.7 grams of crack cocaine between his legs. Additional crack cocaine was found on two of three plates in the living room. No one else was in the living room, but three people were in the nearby kitchen and one person was upstairs.
 {¶ 16} Police found no cocaine in appellant's pants' pockets, but they did find $671 in cash. Fingerprint analysis indicated that appellant had touched one of the plates which had minimal cocaine residue on it and a second plate with no visible residue. Cocaine in the amount of 7.2 grams was recovered from the third plate, but no fingerprint evidence linked appellant to the plate.
 {¶ 17} As indicated infra, appellant was convicted of violating R.C. 2925.11(A), which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." If the controlled substance is shown to be "crack" cocaine in the amount at issue here, the offense is a second-degree felony. R.C. 2925.11(C)(4)(d).
 {¶ 18} "Possession" is defined by R.C. 2925.01(K) as follows:
 {¶ 19} "`Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 20} Appellant contends that the state proved only proximity to the drugs, not possession. We disagree.
 {¶ 21} In State v. Burnett (Apr. 8, 2003), Franklin App. No. 02AP-863, 2003-Ohio-1787, this court recently addressed a similar R.C. 2925.11 possession issue, stating:
 {¶ 22} "It is well-established that possession of a controlled substance may be actual or constructive. State v. Mann (1993),93 Ohio App.3d 301, 308 * * *. A person has actual possession of an item when it is within his immediate physical control. State v. Messer (1995), 107 Ohio App.3d 51, 56 * * *. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession. State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus." Burnett at ¶ 19.
 {¶ 23} As in Burnett, since the drugs were not found directly on appellant's person, the state was required to establish that appellant constructively possessed the drugs.
 {¶ 24} "This court has acknowledged that the mere presence of an individual in the vicinity of illegal drugs is insufficient to establish the element of possession. State v. Chandler (Aug. 9, 1994), Franklin App. No. 94AP-172 * * *; In re Farr (Nov. 9, 1993), Franklin App. No. 93AP-201 * * *. However, if the evidence demonstrates that the individual was able to exercise dominion or control over the drugs, that individual can be convicted of possession. Circumstantial evidence alone may be sufficient to support the element of constructive possession. Id.; Jenks, supra at 272-273. `All that is required for constructive possession is some measure of dominion or control over the drugs in question, beyond mere access to them.' Farr, supra. The discovery of readily accessible drugs in close proximity to a person constitutes circumstantial evidence that the person was in constructive possession of the drugs. State v. Pruitt (1984), 18 Ohio App.3d 50, 58 * * *." Burnett at ¶ 20.
 {¶ 25} By its verdict, the jury found that appellant knowingly possessed or had control over the cocaine found between his legs and the cocaine found on at least one plate near where he was lying. This finding is very reasonable, given the fact that appellant was in a position to exercise control over all the cocaine found. No one else was in the room.
 {¶ 26} The defense presented no evidence except for a gas bill which indicated that someone else paid the gas charges for the house where appellant was found lying in the living room. Combining this evidence with the state's evidence does not raise anything approximating reasonable doubt that appellant knowingly had control over the crack cocaine. The verdict was in accord with the weight of the evidence.
 {¶ 27} The state's case was sufficient to establish appellant's knowing possession of the crack cocaine. Therefore, the trial court was correct to overrule the motion for judgment of acquittal under Crim.R. 29.
 {¶ 28} Because the state's evidence established knowing possession of the crack cocaine, the evidence was sufficient to support a finding of guilt.
 {¶ 29} The assignment of error is overruled.
 {¶ 30} Having overruled the assignment of error, the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and KLATT, JJ., concur.
[1] Although docketed under four case numbers, the instant appeal involves only the possession charge which ultimately proceeded to trial. This court sua sponte consolidated four cases: Mr. Hughes filed a notice of appeal pro se, separate from the subsequent notice filed on his behalf by appellate counsel; the remaining two cases were both resolved by negotiated pleas, although notices of appeal were filed to preserve appellant's right to appeal potential sentencing errors. (Brief of Appellant, 1-2.)