This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Steven[1] F. Najeway has appealed from his conviction in the Summit County Court of Common Pleas for having a weapon under a disability. This Court affirms.
 I. {¶ 2} In April 2002, Appellant was indicted on multiple charges stemming from an alleged altercation with Mr. Matson Hamilton. At the time of the events alleged in the indictment, Mr. Hamilton was employed by a vehicle repossession company. On the night of the alleged altercation, Mr. Hamilton was attempting to repossess an automobile that had been leased by Appellant.
 {¶ 3} Appellant entered a plea of not guilty to the charges. In May 2002, a supplemental indictment was filed charging Appellant with two counts of having a weapon under a disability, in violation of R.C. 2923.13. Appellant entered a plea of not guilty to the additional charges. The matter proceeded to trial, following which a jury found Appellant guilty of one count of having a weapon while under a disability. The court sentenced Appellant to a term of four years imprisonment. Appellant has timely appealed, asserting one assignment of error.
 II. Assignment of Error "THE TRIAL COURT ERRED IN FAILING TO OVERTURN THE JURY'S VERDICT ON COUNT IV, WHICH FOUND APPELLANT GUILTY OF HAVING WEAPONS UNDER DISABILITY, WHEN APPELLANT'S CONVICTION WAS BASED ON EVIDENCE INSUFFICIENT TO SUSTAIN THE VERDICT THAT APPELLANT ACQUIRED, HAD, CARRIED OR USED WEAPONS RETRIEVED FROM A WARRANTLESS SEARCH AS PROVIDED IN [R.C. 2923.13(A)(2)/(B)]."
 {¶ 4} In his sole assignment of error, Appellant has challenged the sufficiency of the evidence upon which the jury found him guilty of having a weapon under a disability. Specifically, Appellant has contended that there was insufficient evidence presented during the trial that he knowingly acquired, had, carried, or used any firearms.
 {¶ 5} When reviewing the legal sufficiency of the evidence to support a criminal conviction, it is the function of this Court:
 "[T]o examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 6} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 386. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id. at 387.
 {¶ 7} The elements of the offense of having a weapon under a disability relevant to Appellant's conviction are as follows:
 "(A) Unless relieved from disability as provided in [R.C. 2923.14], no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
"***
 "(2) The person is under indictment for or has been convicted of any felony offense of violence[.]
"***
 "(B) No person who has been convicted of a felony of the first or second degree shall violate [R.C. 2923.13(A)] within five years of the date of the person's release from imprisonment or from post-release control that is imposed for the commission of a felony of the first or second degree." R.C. 2923.13.
 {¶ 8} Furthermore:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 9} Appellant has contended that insufficient evidence was adduced at trial from which the jury could conclude that he knowingly acquired, had, carried, or used any firearm. Appellant has cited his own testimony and testimony by his fiancee that he did not own and had never seen the five guns confiscated from their home that formed the basis of the charge. Appellant has also pointed out that "no one testified that his fingerprints were on them, and no one testified that he had fired them or that they had seen him carry them." Finally, Appellant has cited his own testimony that one of the five guns belonged to his brother, that his brother attempted to claim the guns at the police department after they had been confiscated, and that numerous individuals (including his brother) had keys to his home where the weapons were found.
 {¶ 10} Appellant has cited numerous cases in which the evidence was determined to be insufficient to establish possession of drugs in violation of R.C. Chapter 2925, for purposes of which possession "may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). The definitions set forth in R.C. 2925.01
pertinent to drug offenses, however, are not directly applicable to violations of R.C. 2923.13. In order for an individual to "have" a firearm within the meaning of R.C. 2923.13, he must actually or constructively possess it. State v. Martinsons (June 17, 1998), 9th Dist. Nos. 2708-M and 2713-M, at 6, citing State v. Hardy (1978),60 Ohio App.2d 325, 327. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." (Quotations omitted.) State v. Messer (1995), 107 Ohio App.3d 51, 56, appeal not allowed (1996), 75 Ohio St.3d 1422. This Court has held that "mere access to the weapon can establish guilt, that is, ownership is not a prerequisite to determining whether someone `had' the weapon." Statev. Robinson (Oct. 25, 2000), 9th Dist. No. 19905, at 9. Moreover, circumstantial evidence can be used to support a finding of constructive possession. State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, at 22.
 {¶ 11} In the case sub judice, Officer Nevin Webb of the Akron Police Department testified at trial that he and his partner went to Appellant's home as part of an investigation into Appellant's alleged altercation with Mr. Hamilton. Officer Webb testified that he approached the residence and spoke with Marianne Dias, Appellant's fiancee. According to the officer, Ms. Dias agreed to let the officers in to see if they could find Appellant or any weapons in the home.
 {¶ 12} Officer Webb testified that he and his partner asked if there was any particular room where Appellant kept his belongings, and Ms. Dias responded that there was and led them upstairs to a small "office-type room." Officer Webb stated that the room contained men's clothing as well as outdoor and camping equipment. The officer further testified that he went to a small adjoining room that resembled a walk-in closet, where he discovered two rifles, two shotguns, a handgun, and some ammunition. Officer Webb stated that he asked Ms. Dias if she knew the weapons were there, and she responded that she did not. The officers then issued Ms. Dias a property receipt for the weapons and confiscated them.
 {¶ 13} Appellant testified that he and Ms. Dias owned and lived in the house in which the guns were found. Ms. Dias also testified that Appellant kept things in the room where the officers discovered the guns, and that she had never seen the guns before the police found them.
 {¶ 14} Construing the evidence most strongly in favor of the state, we must conclude that sufficient evidence was adduced at trial from which the jury could have found that Appellant knowingly, constructively possessed the weapons confiscated from his residence. Appellant's assignment of error is without merit.
 III. {¶ 15} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. and CARR, J. CONCUR.
[1] Throughout the record, Appellant's first name is inconsistently spelled "Steven" and "Stephen."