DECISION AND JOURNAL ENTRY.
{¶ 1} Defendant, Jabette Thomas, appeals from the decision of the Akron Municipal Court which convicted her of drug abuse. We affirm.
 {¶ 2} On February 5, 2003, Defendant was arrested for drug abuse marijuana, in violation of Section 138.10 of the Akron City Code. Defendant entered a plea of not guilty and the case was set for trial. Thereafter, a bench trial was held. Defendant was found guilty and sentenced accordingly. Defendant timely appealed asserting two assignments of error which have been rearranged to facilitate review.
 ASSIGNMENT OF ERROR II
"The City failed to meet its burden of proof beyond a reasonable doubt that [Defendant] had possession of marijuana, required by theFourteenth Amendment of the United States Constitution and Article One Section Sixteen of the Ohio State Constitution."
 {¶ 3} In her second assignment of error, Defendant maintains that her conviction for drug abuse was not supported by sufficient evidence. More specifically, Defendant alleges that the City failed to prove beyond a reasonable doubt that she was in possession of the marijuana. We disagree.
 {¶ 4} Sufficiency is a legal standard applied when discerning whether evidence produced at trial is legally sufficient to support a conviction for an offense. State v. Eastridge, 9th Dist. No. 21068,2002-Ohio-6999, at ¶ 27, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386. Ultimately, it is a test of adequacy and "requires a determination of whether the state has met its burden of production at trial[.]" State v. Smith, 9th Dist. No. 20885,2002-Ohio-3034, at ¶ 7-8, quoting State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). A reviewing court considers the evidence in a light most favorable to the prosecution, and inquires whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Carter (1995), 72 Ohio St.3d 545, 553, quotingJackson v. Virginia (1979), 443 U.S. 307, 319, 61 L.Ed.2d 560.
 {¶ 5} In the instant case, Defendant was convicted of violating Section 138.10, of the Akron City Code, which provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." Section 138.10(A) of the Akron City Code. One "acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 6} The surrounding facts and circumstances must be looked at in order to determine whether a defendant knowingly possessed a controlled substance. State v. Teamer (1998), 82 Ohio St.3d 490, 492. Possession is defined as "having control over a thing or substance[.]" R.C. 2925.01(K). Although possession may be actual or constructive, it may not be inferred solely from mere access to the item through ownership or occupation of the premises upon which it was found. State v. Kobi (1997),122 Ohio App.3d 160, 174; R.C. 2925.01(K). Actual possession entails ownership or physical control, whereas constructive possession is defined as "knowingly exercise[ing] dominion and control over an object, even though [the] object may not be within his immediate physical possession."State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus; State v. Messer
(1995), 107 Ohio App.3d 51, 56. Circumstantial evidence may establish constructive possession. Moreover, ownership of the drugs is not a prerequisite to the finding of constructive possession. Smith at ¶ 13, citing State v. Mann (1993), 93 Ohio App.3d 301, 308. "As such, readily usable drugs * * * in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession." State v. Varner, 9th Dist. No. 21056, 2003-Ohio-719, at ¶ 19, citing State v. Pruitt (1984),18 Ohio App.3d 50, 58; Hamilton v. Barnett (Aug. 3, 1998), 12th Dist. No. CA97-11-222; State v. Williams (Dec. 7, 2000), 8th Dist. No. 76816.
 {¶ 7} Defendant argues that the State failed to prove that she had possession of the marijuana. We disagree.
 {¶ 8} At trial, Officer Jude Carroll testified that on February 4, 2003, he responded to a domestic dispute call at Defendant's residence. Upon arrival, Defendant answered the door. While speaking with Defendant's live-in boyfriend, Angelo Kerney ("Kerney"), Officer Carroll observed a bag of marijuana lying in plain view on the living room floor near the couch and coffee table. Officer Carroll asked Kerney if the drugs were his. He responded in the affirmative and was placed under arrest. Officer Carroll then spoke with Defendant. He recalled "[Defendant] stat[ing] that the bag of marijuana was both of theirs" and that it was "for her personal use." The bag was then marked as evidence and Officer Donnie Williams, of the Street Narcotics Detail, certified its contents as marijuana.
 {¶ 9} Kerney also testified at trial. Kerney maintained that the marijuana was his and did not belong to Defendant. He stated that Defendant smoked marijuana in the past but had recently quit. Kerney did not remember hearing Defendant admit to owning the weed but explained that "if she said that [it was hers] she was probably trying to save [him] because she thought [he] was going to jail."
 {¶ 10} Upon review of the evidence presented at trial, it is clear that the trial court could conclude, beyond a reasonable doubt, that Defendant was in possession of the marijuana. The evidence indicates that the drugs were readily usable and within easy access of Defendant thus constituting sufficient and direct circumstantial evidence to support a finding of constructive possession. See Varner at ¶ 19. Accordingly, Defendant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR I
"The trial court erred when it used inferences from [Defendant's] failure to testify to find [Defendant] guilty, in violation of [Defendant's] Fifth and Fourteenth Amendment right to not testify at a trial in which she was a criminal defendant."
 {¶ 11} In her first assignment of error, Defendant maintains that her Fifth and Fourteenth Amendment rights were violated when the trial judge allegedly inferred guilt from Defendant's failure to testify at trial. Defendant's assignment of error lacks merit.
 {¶ 12} A prosecutor or judge may not comment on or bring the jury's attention to a defendant's failure to testify on his or her own behalf. State v. Lavery, 9th Dist. No. 20591, 2001-Ohio-1638, at 8 citingGriffin v. California (1965), 380 U.S. 609, 615, 14 L.Ed.2d 106. However, in a bench trial, it is presumed that the court considers only relevant, material, and competent evidence in reaching its decision.Lavery, supra, at 9, citing State v. White (1986), 15 Ohio St.2d 146,151.
 {¶ 13} In the instant case, at the conclusion of the proceedings, the trial judge commented as follows:
"At the time of the arrest [the court] feels that [Defendant] was, at that point * * * protecting [Kerney] or protecting her or protecting the house[.] * * * She made a statement, [`]it is ours. We have it for our personal use. We are not selling this it is for our personal use.[']"
 {¶ 14} The judge stated that there was evidence indicating that Kerney was preparing the drugs for sale. The judge explained his confusion and remarked:
"if [Defendant] had taken the stand and said that, [the court] would have had a reasonable doubt whether or not [the drugs] w[ere] or w[ere] not in her possession. * * * But in this case here, [Defendant] made the statement that yes it was [hers]. Yes [they] had it for [their] personal use and that statement has not been denied by her. It has not been controverted by her. She says yes it was mine. Yes [they] live [there] * * * that is it, [the court] find[s] [Defendant] guilty. * * *[Defendant] didn't have to testify because she's a defendant. * * *[However] something has to be controverted or denied. * * * [The court] finds her guilty. * * * I'm sure now that [the marijuana] is [Defendant's] because she said it was hers [and Kerney] was here trying to protect her." (Emphasis added.)
 {¶ 15} Defendant argues that these comments demonstrate that the trial judge erroneously considered her failure to testify when it rendered its decision. However, we note that these remarks were not made to a jury which could draw a conclusion adverse to Defendant's interests. Although the judge acknowledged the fact that Defendant failed to testify, he based his decision on Defendant's previous and uncontroverted statement that the marijuana was hers. Additionally, he remarked that Defendant was not required to take the stand as she was the accused. Thus, we construe the judge's comment referencing Defendant's failure to testify as nothing more than an acknowledgment that the evidence presented was uncontroverted. Consequently, if there was any error committed it was harmless in nature. Accordingly, Defendant's first assignment of error is overruled.
 {¶ 16} Defendant's assignments of error are overruled. The decision of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE and BATCHELDER, JJ., concur.