OPINION *Page 2 
{¶ 1} Defendant-appellant Duane Coffman appeals his conviction and sentence from the Delaware County Court of Common Pleas with respect to a firearm specification. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 10, 2006, the Delaware County Tactical Unit executed a search warrant at 58 W. Lincoln Avenue in Delaware County. During the entry into the residence Appellant Duane Coffman was in one of the bedrooms in the apartment. Also found in that same bedroom were cocaine and a 12-gauge shotgun, which was standing up behind the door. All of the evidence was collected, and the shotgun was test fired and found to be operable.
 {¶ 3} On March 10, 2006, the Delaware County Grand Jury indicted Appellant Duane Coffman on one count of possession of crack cocaine in violation of R.C. § 2925.11 (A), a felony of the fourth degree, and one count of having weapons while under disability in violation of R.C. § 2923.13(A)(3), a felony of the third degree. The possession charge was accompanied by a firearm specification and a forfeiture specification.[1]
 {¶ 4} At his arraignment on April 6, 2006, Appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 5} Thereafter, a jury trial commenced on June 29, 2006. At the beginning of the trial, Appellee moved to dismiss the weapons under disability charge without prejudice. The trial court granted such motion. *Page 3 
 {¶ 6} Upon completion of the State's case, the trial court overruled Appellant's Crim. R. 29(A) Motion for Judgment of Acquittal.
 {¶ 7} On June 30, 2006, at the conclusion of the evidence and the end of deliberations, the jury found Appellant guilty of possession of crack cocaine and also guilty of the firearm specification. The jury further found that $637.00 in cash was subject to forfeiture.
 {¶ 8} As memorialized in a Judgment Entry filed on August 7, 2006, the trial court sentenced Appellant to 18 months in prison on the possession charge and to a consecutive term of one (1) year on the firearm specification.
 {¶ 9} Appellant now raises the following assignments of error on appeal:
 ASSIGNMENTS OF ERROR {¶ 10} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL ON THE SPECIFICATION OF HAVING A FIREARM ON HIS PERSON OR UNDER HIS CONTROL MADE AT THE CLOSE OF ALL EVIDENCE.
 {¶ 11} "II. THE CONVICTION OF THE SPECIFICATION OF HAVING A FIREARM ON HIS PERSON OR UNDER HIS CONTROL WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I., II. {¶ 12} In his first assignment of error, Appellant argues that the trial court erred in overruling his motion for acquittal because his conviction on the firearm specification was not supported by sufficient evidence. In the second assignment of error, Appellant argues that his conviction on the firearm specification was against the manifest weight *Page 4 
of the evidence. Although these arguments involve different standards of review, we will discuss them together because they involve the same evidence.
 {¶ 13} The standard of review for the sufficiency of evidence under a Crim. R. 29 appeal is set forth in State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus, which states:
 {¶ 14} "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." See also,State v. Apanovitch (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394;State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966.
 {¶ 15} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 16} In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, superseded by the State constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89.
 {¶ 17} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. *Page 5 Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins,78 Ohio St.3d at 386.
 {¶ 18} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Thompkins, 78 Ohio St .3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, superseded by constitutional amendment on other grounds as stated by State v. Smith, 80 Ohio St.3d 89,1997-Ohio-355, 684 N.E.2d 668. "While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion." State v. Thompkins, supra at 78 Ohio St.3d 390.
 {¶ 19} The Ohio Supreme Court recently addressed the standard of review for a criminal manifest weight challenge, as follows:
 {¶ 20} "The criminal manifest-weight-of-the-evidence standard was explained in State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541. In Thompkins, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386,678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386-387, 678 N .E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive-the state's or the defendant's? We went on to hold that although there may *Page 6 
be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. `When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony.' Id. at 387,678 N.E.2d 541, citing Tibbs v. Florida (1982), 457 U.S. 31, 42,102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 21} However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, supra,78 Ohio St.3d at 387. (Quoting State v. Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 22} In State v. Thompkins supra, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary."Id. at paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id. at paragraph four of the syllabus; State v. Miller (2002),96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38, 775 N.E.2d 498.
 {¶ 23} Appellant argues that there was insufficient evidence to convict him of a firearm specification. More specifically, he alleges that there was insufficient evidence *Page 7 
that the shotgun was "on or about his person" or "under his control" while he possessed cocaine.
 {¶ 24} Under R.C. § 2941.145, a defendant is guilty of a firearm specification if he had "a firearm on or about [his] person or under [his] control while committing [an offense]." It is undisputed that an operable firearm was found in Appellant and April Wright's bedroom. However, Appellant argues that he did not possess the firearm and that such firearm was not under his control.
 {¶ 25} A person has actual possession of an item when it is within his immediate physical control. State v. Messer (1995), 107 Ohio App.3d 51,56, 667 N.E.2d 1022. "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." State v.Hankerson (1982), 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, citingState v. Wolery (1976), 46 Ohio St.2d 316, 348 N.E.2d 351. However, the State must also show "that the person was conscious of the presence of the object." Hankerson, supra. In determining whether an individual was in possession of a firearm, the trier of fact may consider all relevant facts and circumstances surrounding the crime. Thompkins,78 Ohio St.3d at 385, 678 N.E.2d 541. Circumstantial evidence and direct evidence have the same probative value. Jenks, 61 Ohio St.3d at paragraph one of the syllabus.
 {¶ 26} In the instant case, since the shotgun was not found on Appellant's person, the State was required to establish that he constructively possessed the shotgun. In reviewing the evidence in a light most favorable to the prosecution, the *Page 8 
record reflects sufficient evidence that Appellant was in constructive possession of the shotgun.
 {¶ 27} The testimony presented at trial revealed that Appellant lived with April Wright on and off (T. at 109) and that on the night of the execution of the search warrant, Appellant and Ms. Wright were both in her bedroom. (T. at 112). Ms. Wright testified that Appellant was "giving away" crack to various people from her bedroom. (T. at 116-117). The testimony at trial also revealed that the shotgun in question was located behind Wright's bedroom door, meaning it was in close proximity to Appellant when he was dealing drugs in the room. The police found both cocaine and the shotgun in April Wright's bedroom where Appellant was found with the cocaine; therefore, Appellant had control of, and access to, the firearm while he possessed cocaine.
 {¶ 28} Based on the foregoing, the jury could have reasonably concluded that Appellant was in the constructive possession of the shotgun. Accordingly, a rational trier of fact could have found Appellant had a firearm on or about his person or under his control while dealing drugs. Thus, the evidence was sufficient as a matter of law, and the trial court did not err in overruling Appellant's motion for acquittal.
 {¶ 29} In light of the evidence presented, we do not find that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be *Page 9 
reversed and a new trial ordered. Therefore, the verdict was not against the manifest weight of the evidence. Appellant's first and second assignments of error are overruled.
 {¶ 30} For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
 By: Wise, J. Gwin, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.
Costs assessed to appellant.
[1] The forfeiture specification sought the forfeiture of $637.00 in cash.